**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Florida

Case number (If known): _____ Chapter 15

☐ Check if this is amended filing

Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding   12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

1. **Debtor's name**  Adria MM Productions, Ltd

2. **Debtor's unique identifier**

   For non-individual debtors:

   ☐ Federal Employer Identification Number (EIN) __ __ – __ __ __ __ __ __ __

   ☑ Other 080759343 . Describe identifier registry no. Cm'lCtZagreb

   For individual debtors:

   ☐ Social Security number: xxx – xx– __ __ __ __

   ☐ Individual Taxpayer Identification number (ITIN): 9 xx – xx – __ __ __ __

   ☐ Other _____ . Describe identifier _____

3. **Name of foreign representative(s)**  Jelena Kordic, Bankruptcy Trustee

4. **Foreign proceeding in which appointment of the foreign representative(s) occurred**  Adria MM Productions, Ltd, CommercialCt Osijek Croatia, No. 6 St-1788/18-13

5. **Nature of the foreign proceeding**

   Check one:

   ☑ Foreign main proceeding
   ☐ Foreign nonmain proceeding
   ☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding

6. **Evidence of the foreign proceeding**

   ☐ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

   ☑ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

   ☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.

   _____
   _____

7. **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

   ☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)
   ☑ Yes

**Debtor** Adria MM Productions, Ltd  
Name

Case number *(if known)* _____

**8. Others entitled to notice**

Attach a list containing the names and addresses of:

(i) all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii) all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

**9. Addresses**

**Country where the debtor has the center of its main interests:**

Republic of Croatia

**Debtor's registered office:**

Srebmjak 128C  
Number   Street

P.O. Box

Zagreb 10000-0000  
City   State/Province/Region   ZIP/Postal Code

Croatia  
Country

**Individual debtor's habitual residence:**

Number   Street

P.O. Box

City   State/Province/Region   ZIP/Postal Code

Country

**Address of foreign representative(s):**

Eikvaternika 44 A  
Number   Street

P.O. Box

Visnjevac  
City   State/Province/Region   ZIP/Postal Code

Croatia  
Country

**10. Debtor's website (URL)**

**11. Type of debtor**

*Check one:*

☑ Non-individual (*check one*):

    ☑ Corporation. Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

    ☐ Partnership

    ☐ Other. Specify: _____

☐ Individual

Debtor   Adria MM Productions, Ltd
         Name                                                      Case number (if known)

12. **Why is venue proper in this district?**

Check one:

☑ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:
_____.

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:
_____.

13. **Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✗ _[signature]_                                    Jelena Kordic
  Signature of foreign representative              Printed name

Executed on   2 / 5 /2020
              MM / DD / YYYY

✗ _____            _____
  Signature of foreign representative              Printed name

Executed on   ___/___/_____
              MM / DD / YYYY

14. **Signature of attorney**

✗   /s/ Vincent F. Alexander                       Date   2 / 21 / 2020
  Signature of Attorney for foreign representative         MM / DD / YYYY

Vincent F. Alexander
Printed name

Lewis Brisbois Bisgaard & Smith LLP
Firm name

110 S.E. 6th Street, Suite 2600
Number     Street

Fort Lauderdale, FL 33301
City                                               State       ZIP Code

954-939-3371                                       vincent.alexander@lewisbrisbois.com
Contact phone                                      Email address

68114                                              FL
Bar number                                         State

Official Form 401        Chapter 15 Petition for Recognition of a Foreign Proceeding        page 3

1

Reference number: 6 St-1788/18-13

Republic of Croatia
Commercial Court in Osijek
Osijek, Zagrebačka 2

Reference number: 6 St-1788/18-13

REPUBLIC OF CROATIA

DECISION

Commercial court in Osijek, by insolvency judge Nada Roso, concerning the proposal filed by the proponent: FINA RC Zagreb for initiating of bankruptcy proceedings against the debtor: **ADRIA MM produkcija d.o.o. Zagreb, Srebrnjak 128C, PIN: 05311074805, registry number: 080759343**, on 21 March 2019

renders the following decision

1. Bankruptcy proceedings are hereby initiated against the debtor Adria MM produkcija d.o.o. Zagreb, Srebrnjak 128C, PIN: 05311074805, registry number: 080759343.
2. Jelena Kordić, Višnjevac, E. Kvaternika 44 A, PIN: 78573539971 is appointed as the bankruptcy trustee.
3. Creditors are hereby invited to file their claims with the bankruptcy trustee within 60 days as of when this decision was published on the e-bulletin board of the court, in accordance with the rules for filing of claims laid down in the Bankruptcy Act (Article 257 BA – OG No. 71/15), in standard forms in two copies, with documents from which the claims arise, accompanied by a certificate of payment of 2% of the value of the claim, but not more than HRK 500.00, to the account of the state budget, number: 1001005-1863000160 with ref. no. 64 5045-3531-1788-18.
4. The bankruptcy trustee will draw up a schedule containing claims of employees and former employees of the debtor which became due before the initiation of bankruptcy proceedings, which shall be reported in gross and net amount, which shall be presented as a filing for signing in two copies.
5. If an employee or a former employee of the debtor has not filed their claims, it shall be deemed that they so did, in accordance with the schedule of claims from Paragraph 3, Article 257 of the BA.
6. Claims of lower ranking creditors shall be filed only following a special decision of the Court. When filing such claims, it should be specified that lower ranking claims are concerned, and creditor ranking should also be mentioned (Article 257, Paragraph 5 of BA).
7. The Court shall issue a decision rejecting the filing of a claim if submitted after the expiry of the above time-limits (Article 257, Paragraph 6 of BA).

2

Reference number: 6 St-1788/18-13

8. Creditors with separate satisfaction rights and exclusion rights are invited to notify the bankruptcy trustee of their rights, within 60 days as of when this decision was published on the e-bulletin board of the court, in accordance with the provision of Article 258 of BA.
9. Creditors with exclusion rights must notify the bankruptcy trustee of their right, the legal basis of the right and indicate the object to which their right refers to, i.e. indicate the right referred to in Article 148 BA (Paragraph 258, Paragraph 1 of BA) in the notification.
10. Creditors with separate satisfaction rights must notify the bankruptcy trustee of their right, the legal basis of their right and the distinct part of the debtor's assets over which they enjoy the separate satisfaction right. If creditors with separate satisfaction rights file claims also as bankruptcy creditors, they must specify the distinct part of the debtor's assets over which they enjoy the separate satisfaction right and the amount up to which their claim will likely not be settled by enforcing that right (Article 258, Paragraph 2 and 3 of BA).
11. Debtor's debtors are invited to fulfill their obligations to the bankruptcy trustee for the debtor, without delay (Article 129, Paragraph 1 of BA).
12. Bankruptcy proceedings have been initiated on **21 March 2019 at 11:45 a.m.** when this decision on initiating bankruptcy proceedings was placed on the e-bulletin board of the court (Article 129, Paragraph 3 of BA).
As of the day when this decision was published on the e-bulletin board, the legal consequences of initiating bankruptcy proceedings shall occur.
13. A creditors' hearing on which the filed claims will be examined (examination hearing) is scheduled for **3 July 2019 at 10.00 am** while the reporting hearing is scheduled on the same day at **10:10 am** in the building of this court in Osijek, Zagrebačka 2, room no. 36, second floor, both of which the creditors are invited to.
14. This decision on initiating bankruptcy proceedings shall be registered with the Court Registry of the Commercial Court in Osijek (Article 129, Paragraph 2, BA).

Rationale

On 6 April 2018, the proponent FINA RC Zagreb filed a motion for initiating bankruptcy proceedings against the debtor **Adria MM produkcija d.o.o. Zagreb, Srebrnjak 128C, PIN: 05311074805, registry number: 080759343**, as on 22 September 2017 the debtor had recorded, yet unexecuted payment requests in the Fina registry of priority payments continuously for 120 days in a total amount of HRK 939,872.70 and has only 1 employee.

By the decision of the Commercial Court in Osijek no. 6 St-1788/18-4 as of 1 February 2019, preliminary proceedings were initiated to determine the conditions for initiating bankruptcy proceedings against the debtor, and Lovorka Juranović from Rijeka was appointed as interim bankruptcy trustee by automatic ballot, and a hearing was scheduled for discussing the proposal to initiate bankruptcy proceedings on 20 March 2019.

On 20 March 2019, the interim bankruptcy trustee submitted a written report on the financial-economic position of the bankruptcy debtor, which she also presented verbally at the hearing held on 31 January 2018, and which states:

Reference number: 6 St-1788/18-13

The proposal to initiate bankruptcy proceedings against the debtor was filed by FINA RC Zagreb, stating that on 3 April 2018 the debtor had in the Fina registry of priority payments recorded, yet unexecuted payment requests continuously for 120 days in total amount of HRK 939,872.70, which amount includes interest and the fee for the implementation of enforcement issued by FINA and that the debtor has only 1 employee.

The debtor ADRIA MM PRODUKCIJA d.o.o. za usluge (PIN: 05311074805) Zagreb, Srebrnjak 128C, was established and registered in the court registry of the Commercial Court in Zagreb on 21 March 2011 as a limited liability company, with registered share capital in the amount of HRK 470,000.00.

Shareholders of the company are Nikola Bušljeta (PIN: 88933480667) from Velika Gorica, Ksavera Šandora Đalskog 15, shareholder and Sandi Küplen (PIN: 50014856904) from Slovenia, Ljubljana, Zaloška cesta 083, shareholder.

The authorized representative is Nikola Bušljeta (PIN: 88933480667) from Velika Gorica, Ksavera Šandora Đalskog 15, director, representing individually and independently.

Nikola Bušljeta as the legal representative of the company received a brief sent to him on 4 February 2019 at his address listed in the court registry and was also contacted via telephone.

In a telephone conversation the debtor's legal representative stated that the company organized the Ultra Europe festival in Split and sold tickets for that festival, but that the company lost the opportunity to organize that festival in 2017 and since then does not generate revenue and therefore does not have sufficient funds to finance itself. The last festival organized by the debtor was in 2016 (the company organized the festival for 4 years in a row). The debtor is engaged in a dispute before an American court, with an American company for damages due to a premature termination of the contract which led to the loss of license needed to organize the festival. He states that currently, the company does not have any employees. Moreover, he states that the debtor's accounting is run by the company Antares revizija d.o.o. Zagreb, specifically Ms Ivana Matovin, who subsequently submitted Analytical Gross Balance Sheets for 2018 and 2019, which are submitted here, as well as the Decision of the District Court of South Florida no. 17-21603-CIV-MORENO as of 24 September 2018. She also stated, regarding the submitted balance sheet, that a correction will be made for 2017 (due to the cancellation of invoices issued for Ultra 2017) and that it is still necessary to carry out adjustments and write-off suppliers in prescription.

By inspecting the latest published annual financial reports for 2017 it was determined that, on 31 December 2017, the company had recorded assets in the amount of HRK 8,964.434, while according to the balance sheet, on 31 December 2017 the short-term liabilities amounted to HRK 12,459.524 and long-term liabilities were not recorded.

The balance sheet on 31 December 2018 recognized the value of material assets in the amount of HRK 1,267.00 (tools, operating inventory and transport equipment), and short-term assets in the amount of HRK 86,828 consisting of receivables from the state HRK 50,328 and other receivables amounting to HRK 36,500. Short-term liabilities as of 31 December 2018 amount to HRK 10,994,049.

Reference number: 6 St-1788/18-13

The debtor's accounting department submitted a court decision from the USA court in Florida, no. 17-21603-CIV-MORENO as of 24 September 2018 by which the plaintiff's-debtor's claim for the payment of $866,000.00 was accepted against the defendant Worldwide Entertainment Group Inc., and simultaneously the counterclaim was also accepted by which the debtor as a counter-defendant was obligated to pay to the counter-plaintiff the amount of $366,211.00. The decision is not final, expenses of the court and attorneys are high and largely unsettled, therefore the attorneys engaged in the proceeding will likely revoke their power of attorney.

It is evident from the certificate issued by CVH STP "MTT" Rijeka as of 4 February 2019 that the debtor is not registered as a vehicle owner.

It is evident from the certificate issued by the City office for Cadaster and Geodetic activities on 6 February 2019 that the debtor is not recorded as a real estate possessor.

It is evident from the Certificate issued by the land registry department of the Municipal Court in Zagreb no. 8933/2019 as of 6 February 2019 that the debtor is not registered as an owner or a holder of a right regarding properties in the land registry and in the book of deposited contracts relevant for the competence area of that land registry department.

According to available and above-cited information on the status of the debtor's assets and liabilities, it is evident that the insolvency reason referred to in Article 6, Paragraph 1 of BA exists, since the debtor's bank account is blocked, and likely also the insolvency reason from Article 7, Paragraph 1 of the BA, since the debtor's liabilities exceed the value of its assets, whereby the most valuable assets consist of receivables which cannot be determined with certainty as existing or chargeable, i.e. these are receivables based on a judgment which is not final and the outcome of the court dispute is uncertain. Therefore, I conclude that the company does not have assets sufficient to cover procedural expenses.

PRO FORMA LIST OF BANKRUPTCY PROCEDURAL COSTS

| 1 | One-time award to the interim trustee based on Article 4 of Regulation on criteria and method of calculating payments of awards to bankruptcy trustees | HRK 5,000.00 |
|---|---|---|
| 2 | Material expenses of the interim trustee (for sending the letter to debtor's legal representative, according to the certificate of registered consignment dated 4 February 2019, with Annex 1- HRK 14.60; the expense of sending 1 consignment to the land registry department of the Municipal Court in Zagreb HRK 11.50 according to the transmission report, stamp duties for the certification of land registry department and cadastre HRK 50.00) | HRK 77.10 |

| 3 | Travel expenses made for the purpose of arriving at the hearing on 20 March 2019 by the trustee (Rijeka-Osijek 440 km x2x2HRK/km+ toll road HRK 192 x2) | HRK 2,144.00 |
|---|---|---|
| 4 | Expenses for making of company seal | HRK 180.00 |
| 5 | Opening, running (12 months) and closing an account | HRK 800.00 |
| 6 | Accounting expenses (HRK 625.00 x 12months) | HRK 7,500.00 |
| 7 | Travel expenses made by the bankruptcy trustee (3 departures Rijeka-Osijek-Rijeka) | HRK 6,432.00 |
| 8 | Material expenses of bankruptcy trustee | HRK 1,000.00 |
| 10 | The cost of publishing annual financial reports x 2 | HRK 460.00 |
| 9 | Lump-sum fee in bankruptcy proceedings, Tariff no. 24 of the Court Fees Act | HRK 2,000.00 |
| 10 | Expenses made for archiving documentation | HRK 2,000.00 |
| 11 | Award given to the trustee-16% of what is expected to be cashed in from the debtor's assets in the amount of HRK 10,000.00 (Article 7 of the Regulation) | HRK 1,600.00 |
| 12 | Total | HRK 29,193.10 |

Given that in regards to the debtor bankruptcy reasons have been met and the debtor does not have assets from which procedural expenses can be settled, it is proposed that pursuant to Article 132, Paragraph 1 of the BA the court invites persons who have legal interest in initiating bankruptcy proceedings to make a down payment within 15 days to advance the costs of preliminary proceedings and initiated bankruptcy proceedings in the amount of HRK 29,193.10, if the invited persons do not make a down payment within 15 days it is proposed to open and close bankruptcy proceedings.

The proxy of the debtor-attorney agrees with the report and proposal made by the interim trustee.

Following an additional question from the County State Attorney's Office, the debtor's proxy-attorney stated that in relation to proceedings conducted before the court in Florida, a non-final decision has been rendered in which the insolvency debtor had a status of a plaintiff, and under which decision the defendant is liable to pay $866,000.00 to the plaintiff here-insolvency debtor, while also the counterclaim of the defendant was put forward for payment of $366,211.00. The debtor's proxy also states that the debtor was awarded fees for legal proceedings following a final decision of the High Commercial Court in Zagreb in the amount of HRK 23,625.00 and that this amount shall be paid by the Croatian Composers' Society. A copy of this second instance decision is submitted to this file.

The debtor's proxy-attorney proposes that costs from the aforementioned proceedings are paid into the account of the attorney-proxy of Adria MM produkcija d.o.o., given that the costs are related to the proceedings and the attorney Ivan Matić from Zagreb represented the bankruptcy debtor in the said proceedings.

Reference number: 6 St-1788/18-13

The interim trustee stated that until now she was not aware of the aforementioned final decision of High Commercial Court in Zagreb and considers that the decision constitutes assets of the bankruptcy debtor from which, at least partially, procedural expenses could be paid and in the event of initiating bankruptcy proceedings against the debtor, the debtor's proxy can file his claim as any other creditor of the insolvency estate. Consequently, the interim trustee proposes that insolvency proceedings are initiated against the debtor.

The County State Attorney's Office Advisor agrees with the above proposal of the interim bankruptcy trustee to initiate bankruptcy proceedings.

The debtor's proxy-attorney agrees with the above proposal of the interim bankruptcy trustee to initiate bankruptcy proceedings.

In the course of presenting evidence, the court read the documentation from the file which consists of: FINA's proposal as of 4 April 2018 for initiating bankruptcy proceedings, historical court registry excerpts, brief from FINA as of 5 February 2019, Analytical gross balance sheet for 2017 as of 11 March 2019, e-mail as of 12 March 2019, Certificate from the Geodetic Cadastral Office as of 6 February 2019, Certificate from the Croatian Center for Vehicles as of 4 February 2019, Certificate from the Zagreb land registry department as of 6 February 2019, Decision from the High Commercial Court in Zagreb 37 Pž-1128/19.

Following the reasons given above, the court has come to believe that the conditions for initiating bankruptcy proceedings against the debtor have been met as provided by Article 5 of the Bankruptcy Act, since the debtor is insolvent, over-indebted and not liquid and is unable to continue its business. Therefore, it was decided as provided above, pursuant to the provisions of Articles 129, 130, 131, 257 and 258 of Bankruptcy Act (OG no. 71/15 and 104/17 hereinafter: BA).

Moreover, pursuant to Article 85 Paragraph 2 of BA in relation to Article 84 Paragraph 1 BA, **Jelena Kordić, Višnjevac, E. Kvaternika 44 A, OIB: 78573539971**, has been appointed as a bankruptcy trustee appearing on list A of trustees for the area of this court, selected automatically since Lovorka Juranović, Rijeka, Verdieva 6/III, OIB: 83481633615 as an interim bankruptcy trustee is temporarily exempt, based on a decision by the Ministry of Justice, from election of trustees for the A list of trustees for the area of the Commercial Court in Osijek.

In Osijek, 21 March 2019

Clerk:                                                                                       BANKRUPTCY JUDGE

Danijela Sekulić                                                                          Nada Roso


NOTICE ON RIGHT TO REMEDY:

Reference number: 6 St-1788/18-13

Against this Decision, the discontent party can file an appeal to the High Commercial Court of the Republic of Croatia in Zagreb, within 8 days, in 3 copies via this court.

Delivery to:

1. bankruptcy trustee Jelena Kordić, Višnjevac, E.Kvaternika 44 A
2. for the debtor proxy Ivan Matic Attorney from Zagreb, Slavenskog 1
3. County State Attorney's Office Osijek
4. Court Registry-here
5. Electronic bulletin board
6. R-3.7

No. of Record: **1787c-a6d39**

Control Number: **0bd11-4ffa7-9d740**

This document is in digital format electronically signed with the following certificate: CN=NADA ROSO, L=OSIJEK, O= TRADE COURT IN OSIJEK, C=HR

The credibility of this the document can be verified at the following web address: https://usluge.pravosudje.hr/provjera-vjerodostojnosti-dokumenta/ by entering the above record number and control number of the document. Authentication can also be done by scanning the QR code. In both cases, the system will display the original of this document.

If this document is identical to the master copy in digital form, the Commercial Court in Osijek confirms the authenticity of the document.

PERSONS AND ENTITIES ENTITLED TO NOTICE

1. <u>All persons or bodies authorized to administer for proceedings of the debtor</u>

Jelena Kordic, Bankruptcy Trustee
Visnjevac
Eikvaternika 44 A
Croatia

2. <u>All parties to litigation pending in the United States
in which the debtor is a party at the time of filing of this petition</u>

Worldwide Entertainment Group, Inc.
201 S. Biscayne Blvd., Suite 800
Miami, FL 33131

Worldwide Entertainment Group, Inc.
c/o Peter F. Valori, Esq.
Damian & Valori, LLP
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131

Kozyak Tropin Throckmorton LLP
David L. Rosendorf, Esq.
2525 Ponce de Leon Blvd, 9th Floor
Miami, FL 33134

Rubinstein Law
Yano Rubinstein, Esq.
660 4th Street, No. 302
San Francisco, CA 94107

Nikola Busljeta
Vijenac 5B/4
Tuskanac 10000
Zagreb
Croatia

U.S. Specialty Insurance Company
801 S. Figueroa Street, Suite 700
Los Angeles, CA 90017

### 3.  All entities against whom provisional relief is being sought under section 1519 of the Bankruptcy Code

Worldwide Entertainment Group, Inc.
201 S. Biscayne Blvd., Suite 800
Miami, FL 33131

Damian & Valori, LLP
Attorneys for Worldwide Entertainment Group, Inc.
c/o Peter F. Valori, Esq.
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131

CORPORATION OWNERSHIP STATEMENT

There are no entities to report under Rule 7007.1, Fed. R. Bankr. P., which requires disclosure of any corporation that directly or indirectly owns 10% or more of any class of the corporation's equity interests.